IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ROOSEVELT JONES AND GLORIA JONES                                    PLAINTIFFS

VS.                                                          No. 2:06CV57-D-A

JAMIE REYNOLDS, ET. AL.                                              DEFENDANTS

OPINION GRANTING MOTION TO DISMISS

Presently pending before the Court is Jamie Reyonlds and Jamie Reynolds, Inc.'s motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon due consideration, the Court finds that the motion shall be granted.

*A. Factual Background*

The Plaintiffs filed this bad faith and breach of contract action on February 27, 2006, in the Circuit Court of Bolivar County, Mississippi. This suit arises out of a homeowners' insurance policy issued by American National Property and Casualty Company ("ANPAC") through their agent Jamie Reynolds and Jamie Reynolds, Inc. The Defendants removed the action to this Court on April 3, 2006, citing diversity jurisdiction. The notice of removal was premised on the basis that Defendants Jamie Reynolds and Jamie Reynolds, Inc. were fraudulently joined to defeat diversity. The Plaintiffs have failed to file a motion to remand.

On February 27, 2005, the Plaintiffs' home was completely destroyed by fire. The Plaintiffs had insured their home through an ANPAC policy through Jamie Reynolds. The Plaintiffs allege that they took all necessary steps in compliance with ANPAC's provisions when submitting a claim for loss of property. The Plaintiffs stated they notified both the agent and ANPAC's claims department. The Plaintiffs allege that their policy was to cover loss of the dwelling, loss of contents,

and reasonable living expenses. The Plaintiffs state that despite their compliance with all of ANPAC's requirements they have yet to receive payment on their claim. The Plaintiffs filed this suit asserting claims for negligence, gross negligence, breach of contract, bad faith, and negligent misrepresentation. The Plaintiffs ask actual damages in the amount of $370,000 plus punitive damages.

The Defendants Jamie Reynolds and Jamie Reynolds, Inc., now move this Court to dismiss them from this action because Plaintiffs have failed to state a claim against them. The Defendants assert that the Plaintiffs did not specifically make claims against Jamie Reynolds or Jamie Reynolds, Inc. In addition, the Defendants state that Defendants Jamie Reynolds and Jamie Reynolds, Inc., are not parties to the insurance contract between ANPAC and the Plaintiffs. Finally, the Defendants state that Plaintiffs have failed to file an action for individual liability for Jamie Reynolds or Jamie Reynolds, Inc. The Plaintiffs have not responded to this motion.

*B. Standard of Review*

When considering a motion to dismiss for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995) (quoting, Leffal v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)). In deciding whether dismissal is warranted, the court will not accept conclusory allegations in the complaint as true. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

*C. Discussion*

Federal Courts sitting in diversity must apply state substantive law. See Krieser v. Hobbs, 166 F.3d 736, 739 (5th Cir. 1999). "The core of what has become known as the 'Erie Doctrine' is that the substantive law to be applied by a federal court in any case before it is state law, except when the matter before the court is governed by the United States Constitution, an Act of Congress, a treaty, international law, the domestic law of another country, or in special circumstances, by federal common law." Hanley v. Forrester, 903 F.2d 1030, 1020 (5th Cir. 1990) (*citing* Erie R. Co. v. Thompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 2d 1188 (1938)). When deciding an unsettled issue of state law, this Court must consider how the Mississippi Supreme Court has, or would, interpret the question. See Batts v. Tow-Motor Forklift Co., 978 F.2d 1386, 1389 (5th Cir. 1992) (*citing* American Waste & Pollution Control Co. V. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir.1991)). The Court must first determine whether any final decisions of the Mississippi Supreme Court are dispositive. See Transcontinental Gas Pipe Line Corp. v. Transportation Ins. Co., 953 F.2d 985, 988 (5th Cir. 1992). When a Court must make an Erie guess, it is not the Court's role to create or modify state law, but rather only to predict it. Batts, 978 F.2d at 1386.

This suit implicates insurance and the law of agency; as such, Mississippi law governing agency and insurance contracts will be binding. "In circumstances where a defendant acts as an agent for a known principal, the general rule of Mississippi law is that the defendant agent incurs no liability for breach of duty or contract committed by the principal. Williams v. Great American Life Ins. Co., 282 F. Supp.2d 496, 499 (N.D. Miss. 2003) (*quoting* McFarland v. Utica Fire Ins. Co., 814 F. Supp. 518, 521 (S.D. Miss. 1992)). An agent can incur independent liability if his independent conduct arises to the level of gross negligence, malice, or reckless disregard for the plaintiff's rights. McFarland, 814 F. Supp. at 521. Courts have routinely held that breach of an insurance contract

allows the insured to bring suit against the principal and not the agent. Williams v. Lafayette Ins. Co., 640 F. Supp. 686, 689 (N.D. Miss. 1986). When an agent is responsible for the procurement of insurance coverage, the agent is not party to the insurance contract. Jenkins v. Farmington Cas. Co., 979 F. Supp. 454, 457 (S.D. Miss. 1997). Thus, an agent is not liable under the contract for payment of the benefits. See Patton v. Aetna Ins. Co., 595 F. Supp. 533 (N.D. Miss. 1984).

In the case *sub judice*, the Plaintiffs have made very generalized allegations in their complaint. The complaint frequently states that "the Defendants" performed some wrong against them. The Court notes that the insurance agent and insurance agency are not parties to an insurance contract and are not liable for paying the benefits. That responsibility resides with the insurance company, or ANPAC in this case. In addition, the Plaintiffs did not allege that Defendant Jamie Reynolds and Jamie Reynolds, Inc., had any role in investigating the fire or deciding whether or not to deny benefits. In fact, ANPAC hired Norman Presson with EFI Global to investigate the cause of the fire. Thus, Jamie Reynolds and Jamie Reynolds Inc., had nothing to do with that portion of the claim. The Court finds that Jamie Reynolds and Jamie Reynolds Inc., were not parties to the insurance contract. Thus, none of the Plaintiffs claims surrounding breach of contract can be imputed against those defendants. In addition, the Court finds that an agent can not be liable for acts of simple negligence. Gray ex rel. Rudd v. Beverly -Enterprises-Mississippi, Inc., 390 F. 3d 400, 403 (5th Cir. 2004). Thus, the only claim left would be one for gross negligence. The Court finds that because Jamie Reynolds and Jamie Reynolds Inc., were not parties to the insurance contract, investigated the claim, nor had any decision in denying the claim they cannot be liable for gross negligence. The Court further finds that the Plaintiffs failed to allege an independent cause of action against these defendants.

The Court notes that the Plaintiffs failed to respond to both this motion and the notice or

removal. As such, the Court may grant the motion as unopposed when a party fails to respond. Unif. Local Rule 7.2(C)(2).

## D. Conclusion

Upon thorough review of the complaint and the motions, the Court finds that Defendants Jamie Reynolds and Jamie Reynolds, Inc. should be dismissed from this case. The Plaintiffs have failed to state a claim against these two parties. The Court finds that neither Jamie Reynolds nor Jamie Reynolds, Inc., were parties to the insurance contract, investigated the claim, nor made the decision to deny coverage. As such, the Court finds that the motion is well-taken and shall be granted.

A separate order in accordance with this opinion shall issue this day.

This the 8th day of May 2006.

/s/ Glen H. Davidson
Chief Judge